UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE, | Case No.  2:25-cv-3009-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| D. CUEVA, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this action against defendants D. Cueva, the Warden of the California Medical Facility ("CMF"), and seven correctional officers: Perez, Schooler, Jones, Noriega, Juarez, Murphy, and Torres.  She[1] alleges that the correctional officers violated her Eighth Amendment rights when they used excessive force against her.  After review of the amended complaint, I find that, for screening purposes, plaintiff has stated a cognizable Eighth Amendment failure to protect claim against defendants Perez, Schooler, Jones, Noriega, Juarez, Murphy, and Torres.  Her claims against Cueva, by contrast, are non-cognizable as articulated. Plaintiff shall indicate whether she desires to proceed only with her Eighth Amendment claim against the officer defendants, or delay serving any defendant and file an amended complaint.  I

---

[1] Plaintiff refers to herself using feminine pronouns in the complaint, and I will do the same in this order.  If this is incorrect, plaintiff may state as much in a future filing.

1

will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 6.

### I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II.     Analysis

Plaintiff alleges that on February 6, 2023, defendants Perez, Schooler, Jones, Noriega, Juarez, Murphy, and Torres used excessive force against her.  ECF No. 1 at 7-11.  The allegations are sufficient, for screening purposes, to state a viable Eighth Amendment claim against these

seven defendants.  By contrast, plaintiff's claims against Warden Cueva are insufficient.  She vaguely alleges that Cueva "allowed" his staff to assault her and had "full knowledge" of the assault his employees were perpetrating.  *Id.* at 12-13.  She neither provides specific allegations of Cueva's involvement nor explains how he had knowledge that the assault would occur.  Vague and conclusory allegations of supervisory involvement are insufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may either proceed only with her claim against the correctional officer defendants, or she may delay serving any defendant and file an amended complaint.  She is advised that the amended complaint must be titled "Amended Complaint," must be complete in and of itself, and will supersede the current complaint.

Accordingly, it is ORDERED that:

1.    Within thirty days, plaintiff may confirm her intent to proceed only with the Eighth Amendment claim against defendants Perez, Schooler, Jones, Noriega, Juarez, Murphy, and Torres or, within that same time, file another amended complaint with the understanding that doing so will delay service of any defendant.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

IT IS SO ORDERED.

Dated:    January 27, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE